# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK J. FAIR | * | |
| Plaintiff | * | |
| v | * | Civil Action No.: PX-17-1614 |
| | | (Related Civil Action No.: PX-17-1615) |
| DR. SIMON BANKS, J.D. | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

The above-captioned case was filed by Defendant Simon Banks on June 7, 2017, by Notice of Removal concerning two cases actively pending in both the District and Circuit Courts for Prince George's County, Maryland. The underlying state actions are domestic violence cases filed against Banks by his son-in-law, Plaintiff Frederick J. Fair. The case originated in the District Court for Prince George's County and culminated in an order of protection being issued against Banks, requiring him to vacate Fair's home where Banks was staying as a guest. *See State of Maryland v. Simon Banks*, Case No. 0502SP071302017 (Pr. George's Co. Dist. Ct.);[1] *see also* ECF No. 2 (indicating that order of protection was issued by consent). Banks filed an appeal in the District Court case which is now pending in the Circuit Court for Prince George's County. *See State of Maryland v. Simon Banks*, Case No. CADV17-14008 (Pr. George's Co. Cir. Ct.).[2] Banks then noted removal of the underlying state actions. ECF No. 1.

Banks has filed Motions to Vacate Consented-to Protective Order (ECF No. 3); for Leave to Proceed in Forma Pauperis (ECF No. 8); and to join his civil Complaint with the instant case

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

[2] *See* http://casesearch.courts.state.md.us/inquiry

(ECF No. 14). Because this Court lacks jurisdiction to review a State court's lawful order, Banks's Motion to Vacate Consented-to Protective Order shall be denied. Banks's Motion for Leave to Proceed in Forma Pauperis shall be granted as he has established that he is indigent.

Banks's also moves to join the instant action with a separate civil action that Banks originally filed in the Circuit Court for Prince George's County against Mr. Fair for breach of contract. ECF No. 14. Banks alleges in the contract action that he represented Mr. Fair in several administrative hearings and that, while he did not have a written contract with Mr. Fair, he is owed $120,000 for the services provided. *Id.*, *see also Banks v. Fair*, Case No. CAL17-11876 (Pr. George's Co. Cir. Ct.). The contract case is also the subject of another Notice of Removal filed by Banks in Civil Action No. PX-17-1615. Because this Court lacks jurisdiction, remand is warranted and the motion to join must be denied.

Under 28 U.S.C. § 1441 a civil action filed in a State court is removable only if the United States District Court to which it is removed has original jurisdiction over the claims raised in the complaint. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.A. § 1446(b). This Court does not have original subject matter jurisdiction over the underlying case. *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest).

Accordingly, this case will be remanded to State court for any further proceedings as that court deems appropriate. A separate Order follows.

Dated: June 21, 2017                              /S/
                                            Paula Xinis
                                            United States District Judge